ELLIS, Judge
(dissenting).
I cannot subscribe to the views of the majority based on the facts as I understand them. The defendant was traveling at night on a main paved highway •outside the city of Lafayette, Louisiana, in a prudent, cautious and legal manner and was confronted by an approaching automobile with bright lights that, as is ■commonly termed, blinded him. He slowed his car to some extent, and just as he passed the automobile and the blinding effect of its lights there in front of him, partially parked on the paved portion of the highway and partially off on the shoulder was the tractor of the plaintiff, which it is agreed and proven by a preponderance of the testimony of both plaintiff and his son was “ * * * about a hundred or one hundred fifty feet.” It is also undisputed that this tractor had no taillight whatsoever. It is contended however that the defendant should have ■seen the plaintiff attempting to flag his approach with a 2 inch spotlight generally used for bull-eying or hunting at night. Plaintiff’s son estimated that his daddy attempted to flag the defendant’s approaching car when it was about “a hundred yards.” Whether the boy meant to say a hundred feet rather than a hundred yards is not questioned nor whether he knew the difference between yards and feet, however, in my opinion it is immaterial if we accept his estimate of 100 yards or 300 feet. At that time the approaching car had gotton approximately even with, or just past, the tractor, and they must have been traveling at about the same speed as the defendant’s car, as they passed at about 150 feet from the tractor, which would be half of 100 yards.
If the car with the bright lights had passed beyond the tractor it would appear to me that it would be practically impossible for the defendant to have seen the small light from the little spotlight in view of the fact that it was probably the same color light as the bright lights on the approaching automobile. The defendant was entitled under our law to be confronted with a red taillight or warning flares or other safety devices as required by law which would have sharply contrasted with the bright yellow or white lights of the approaching automobile. It is also shown in the record that the shoulder was seven feet wide and that this tractor could easily have been parked off of the pavement. It is also my interpretation of the record after careful consideration that the plaintiff had gotten on his tractor preparatory to driving it off the Highway when he saw the approaching car of the defendant and realized that he would not have time, and as he stated in his testimony, he “jumped off * * If this be true he had his back to the approaching automobile of the defendant and he was not flagging with his so called spotlight.
The defendant was confronted with an emergency, and in my opinion, was not guilty of any negligence whatsoever. The proximate cause of the collision in this case was the gross negligence of the plaintiff in stopping his tractor partially *566 on and partially off of the paved highway with no taillight or warning devices or signals as prescribed by law and, also, in not using the place of safety insofar as the traveling public was concerned for the parking of this tractor, viz., the wide shoulder of the road.
For the above reasons I respectfully dissent.